UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARTA BOTHWELL PERTUZ | § | CIVIL ACTION NO.: 3:15-cv-2028 |
| | § | |
| vs. | § | |
| | § | JUDGE: |
| PREFERRED OFFICE PRODUCTS, | § | |
| INC. and GEICO GENERAL | § | |
| INSURANCE COMPANY | § | MAGISTRATE JUDGE: |

## PLAINTIFF'S ORIGINAL COMPLAINT

The Complaint of plaintiff herein, Marta Bothwell Pertuz ("Plaintiff"), a resident of Bossier Parish, State of Louisiana, alleges and avers as follows:

I.
PARTIES

At all pertinent times hereto including on the date of the accident complained of herein, June 21, 2013, Plaintiff, Marta Bothwell Pertuz, was/is an individual residing in Haughton, Bossier Parish, Louisiana.

II.

A.  Defendant, Preferred Office Products, Inc., is a corporation organized pursuant to the laws of the State of Texas, having its principal place of business in Texas, and at all times pertinent hereto licensed and authorized to do business in the State of Texas. Preferred Office Products, Inc. has a corporate address and principal place of business in Texas and in particular at 1701 W. Walnut Hill Lane, Irving, Texas 75038.  Preferred

1

Office Products, Inc. may be served through its registered agent, G. W. Kamis, at the same address.

      B.    Defendant GEICO General Insurance Company is a foreign insurance company organized pursuant to the laws of the State of Maryland and having its principal place of business in Washington, D.C., was at all times licensed to do and doing business in the State of Texas.  GEICO General Insurance Company has a corporate address of One GEICO Plaza, Washington, D.C. 20076-0001, and may be served through its attorney for service in the State of Texas, Gregory S. Jacobi, 4201 Spring Valley Road, Dallas, Texas 75244.

At all pertinent times hereto and in particular on June 21, 2013, GEICO General Insurance Company was the provider of a specific policy of automobile liability insurance pursuant to the laws of the State of Louisiana, policy number 1739-25-99-09, said policy including uninsured/underinsured motorists insurance in favor of Plaintiff, Marta Bothwell Pertuz.

### III.
### JURISDICTION AND VENUE

This Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332 because the Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.  Venue is proper in this District and Division under 28 U.S.C. § 1391(a)(2) as a substantial part of the events or omissions

giving rise to the claim occurred here, and in particular the accident of June 21, 2013, which is the basis for the bringing of this lawsuit.

## IV.
## FACTS

Plaintiff's claims are based on a vehicle accident occurring on or about June 21, 2013. Plaintiff was a guest passenger in an automobile travelling on Interstate 75 South, in Dallas, Texas, at approximately 5:00 p.m. The motor vehicle in which she was a guest passenger was stopped and had just started rolling forward at a very slow rate of speed in bumper-to-bumper traffic. Plaintiff was wearing her seatbelt. Suddenly and without warning, the vehicle was violently rear-ended by a motor vehicle owned by Defendant, Preferred Office Products, Inc., and operated by an employee in the course and scope of his employment or an otherwise authorized/permissive driver, James Graves. Law enforcement was called but failed to respond. Plaintiff, who sustained personal injuries, was taken to Texas Health Presbyterian Hospital for medical treatment.

## V.
## CAUSES OF ACTION

Defendant was negligent in one or more of the following particulars:

    a.    In failing to keep such a lookout as a person of ordinary prudence would have kept in the same or similar circumstances;

    b.    In failing to timely apply the brakes of the vehicle in order to avoid the collision in question;

    c.    In driving a vehicle at a rate of speed which was greater than that which an ordinary person would have driven under the same or similar circumstances;

    d.    In failing to maintain the vehicle under control;

    e.    In failing to take evasive action;

    f.    In failing to insure that its drivers were properly trained.

## VI.
## PERSONAL INJURIES AND DAMAGES

As a result of Defendant's actions, Plaintiff has suffered severe bodily, economic and mental injuries. Consequently, Plaintiff seeks the following damages:

    a.    <u>Medical Expenses</u>: Plaintiff has incurred bodily injuries and medical expenses in connection with said injuries. Plaintiff will also incur future medical expenses.

    b.    <u>Lost Wages</u>: Plaintiff has suffered a loss of wages/profits and a loss of earning capacity.

    c.    <u>Physical Pain</u>: Plaintiff has endured physical pain in the past and will endure pain in the future.

    d.    <u>Mental Anguish</u>: Plaintiff has endured mental anguish in the past and will endure mental anguish in the future.

    e.    <u>Impairment</u>: Plaintiff has endured physical impairment in the past and will continue to suffer the effects in the future.

    f.    <u>Disfigurement</u>: Plaintiff has suffered disfigurement in the past and will continue to suffer from disfigurement in the future.

In all reasonable probability, Plaintiff will continue to suffer from these injuries for the rest of her life, and seeks compensation for such future damages.

VII.

Plaintiff further shows that her damages are in excess of the policy limits of any poliy(ies) issued to Preferred Office Products, Inc., and desires to make a claim against her insurance carrier, GEICO General Insurance Company, under the underinsured motorists provisions of her policy with GEICO General Insurance Company, policy number 1739-25-99-09, which was in effect at the time of said accident.

VIII.
RELIEF SOUGHT

Plaintiff requests Defendants, Preferred Office Products, Inc. and GEICO General Insurance Company, be cited to appear and answer, and that this case be tried after which Plaintiff recovers:

    a.    Judgment against Defendants for a sum within the jurisdictional limits of this Court for the damages indicated above;

    b.    Pre-judgment interest at the maximum rate allowed by law;

    c.    Post-judgment interest at the maximum rate allowed by law;

    d.    Costs of suit; and

    e.    Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

By:     /s/ Patrick R. Jackson
        Patrick R. Jackson
        A Professional Law Corporation
        Texas State Bar Roll No.:  24002341
        4442 Viking Drive – Suite 100
        Bossier City, Louisiana 71111
        Telephone:  (318) 752-3335
        Facsimile:    (318) 752-3315
        pjackson@bossierlawoffice.com
        ATTORNEYS FOR MARTA BOTHWELL PERTUZ